<div style="margin-left-note">Porter<br>v.<br>Nelson.</div>

apprehension of its nature, but a mistake of this kind is no estoppel. If he had contracted specially to procure a judgment as on a mortgage, he might have been bound by the contract. But no such contract is shown.

As the said deed was not a mortgage, the judgment taken had all the effect which a judgment as on a mortgage could have had. A simple demand of the money and a refusal to pay on the part of Turner would have extinguished his claim as effectually as a year's possession under a judgment as on a mortgage.

We are therefore of opinion that there must be

*Judgment on the nonsuit.*

## The Town of RUMNEY *versus* The Town of ELLSWORTH.

Where the selectmen of a town by indenture bound out a poor female child as an apprentice until she should arrive at the age of eighteen years and covenanted to pay the person to whom she was thus bound $39, it was held that another town in which the child was settled, was not liable to refund the money paid under the indenture.

ASSUMPSIT for the support of certain paupers alleged to have a settlement in the town of Ellsworth.

The cause was tried here at November term, 1825, upon the general issue and a verdict returned for the plaintiff.

*N. P. Rogers* and *Bell*, of counsel with Ellsworth, moved for a new trial and rested their motion on the following facts. Clarissa Blake an infant under the age of twenty-one years, one of the paupers mentioned in the writ of the plaintiff, being in the town of Rumney, was on the 22d February, 1823, by indentures made between the selectmen of Rumney and one John Hall, bound as an apprentice to the said Hall until she should arrive at

the age of eighteen years ; and the said selectmen covenented to pay said Hall $39, to be paid in ten equal annual payments. A part of the sum for which the verdict was taken, was for money paid to Hall under the said indenture. And it was contended, that the town of Rumney was precluded by the indenture from alleging, that the said Clarissa was not the proper poor of Rumney, because the selectmen of a town are only authorized to bind out as apprentices " such children as are chargeable to such town."

*Quincy* and *Woodbury*, for the plaintiffs.

RICHARDSON, C. J. It is unnecessary to determine in this case, whether the town of Rumney is estopped by the indenture to say, that the settlement of Clarissa Blake is in Ellsworth, because we are of opinion, that the sum paid for her support cannot be recovered in this action for another reason. If she were not the proper poor of Rumney, but had her legal settlement in Ellsworth, the selectmen had no authority to make the indenture and it is perfectly clear, that Ellsworth cannot be called upon to refund money paid in pursuance of a contract, which the selectmen of Rumney had no authority to make, and to which Ellsworth is a stranger. There is no pretence that the selectmen of a town can make a contract for the binding out of a pauper during ten years and then call upon another town to fulfil it. Money paid by a town in pursuance of such a contract must be considered as gratuitously paid, and cannot be recovered of another town. The money which has been paid by Rumney may be considered as paid not for the support, but the education of the pauper, and is surely not a legal claim against Ellsworth. We are therefore of opinion that there must be

*A new trial granted.*